[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff wife, 75, (dob 3/19/1927) whose birth name is Mognol, and the defendant husband, 65, (dob 11/9/1937) married on November 26, 1964 in New York City, New York. This marriage is the second for the plaintiff, her first marriage having ended in divorce in 1962. It is the defendant's first marriage. They had two sons who are adults. All the allegations in the plaintiffs complaint are found proven and true. The court has jurisdiction to render judgment.
The plaintiff has an ailment causing her bone marrow to produce too many red blood cells. The doctor called by her testified that the condition is easily controllable and, in her case, is done by monthly blood letting since she does not tolerate medicine well. Although the condition is incurable it is "indolent" i.e. slow to progress. He further stated that her daily activities have not been impacted and she remains asymptomatic and can live with this condition for another ten or fifteen years. She complained of no other health impairment. The defendant did not claim to have any health problems.
The plaintiff has two or three years of college education as well as typing and shorthand skills. She held various office jobs early in the marriage and after moving to Stamford she worked for the school system for 12 years until 1993.
The defendant has a degree in political science, completed all the course work for a master's degree but never submitted a thesis and, by his own admission is talented in computers. He worked for I.T.T. Corp. from 1969 until 1987 during which time his employer transferred him to Rhode Island, Argentina, California and Stamford, Connecticut. He has a vested pension that is scheduled to begin on December 31, 2002 (Plaintiffs Exhibit #3). He was then unemployed for several years and performed consulting services as well as creating a corporation. In recognition of his skills and experience he was hired in March, 2000 at a salary of $85,000 with a bonus of $15,000 by Mirronex Technologies. He CT Page 14012 lent the company $60,000 of which $45,000 remains unpaid and is now a claim filed in the Mirronex bankruptcy proceeding (Plaintiffs Exhibit #11). The inducement was the interest to be paid as well as 60,000 fully vested options. He is currently unemployed and is seeking work through headhunters and job fairs.
The plaintiff testified that she received ownership of the apartment known as Juan Domingo Peron, Buenos Aires as part of her first divorce. The defendant disputed the claim claiming it was acquired during the marriage by paying a combination of funds derived from second mortgage on another property, sale of the plaintiffs lot Villa Luro and the balance by giving a one year mortgage to the developer. The court accepts the defendant's version.
At the present time the plaintiff and the defendant jointly own the marital home located at 6 Nyseius Place, Stamford, Connecticut which they both value at $495,000 on their respective financial affidavits. An appraisal in evidence (Plaintiffs Exhibit #12) finds the fair market value to be $506,000 as of September 13, 2002. The court accepts the $495,000 as fair market value, reduced by the mortgage balance of about $25,000 indicating each party has equity of $235,000. The plaintiff has no other assets in her name except personal property she values at $2000. She receives Social Security of $97 weekly and temporary alimony.
The plaintiff has been occupying the home since the defendant moved out-in April, 2001 to live in New Jersey. Mirronex was located in Princeton, New Jersey and the apartment rented by the defendant was to ease the commute burden. Prior thereto the parties had no communication between them, the defendant spending his time in the basement working on computer projects. As early as 1988 altercations occurred between them and on one occasion both were arrested. The plaintiff was provided with an allowance during the marriage and they shared little financial information. The plaintiff kept her earnings which she testified were spent on educational expenses for the sons. The defendant inherited about $40,000 during the marriage and spent it on home improvements including a pool. The court has concluded that the marriage had broken down irretrievably by the end of 2000. Further, the court finds each party equally at fault.
The defendant's assets in his name consists of the pension mentioned above, his 50% interest in the marital "home, a 1992 Ford he values at $1500, a sporting handgun collection he values at $4,000, tools worth $1,000 and furniture, electronics and camera totaling $5,000, bank accounts totaling $171,195 shares of ITT Industries, 400 shares Lehman Bros., and 139 shares MONY, life insurance face value of $15,000 with a CT Page 14013 loan of $4,000 and net cash value of $7,000 (and a wholy owned corp called This, Inc. having, as its sole asset, a Mercedes SUV valued at $27,100. He also lists a loan due him of $11,400 labeled Glenn Martin. Since his affidavit is dated October 1, the court has taken judicial notice of the current stock prices and notes that ITT is quoted at $64.54 x 195 = $12,585.30; LEH is quoted at $55.43 x 400 = $22,172; and MONY is quoted at $25.87 x 139 = $3595.93. Excluding the pension, the marital home and its contents valued at $2000 by the plaintiff, all of the remaining assets in the defendant's name, allowing $3000 for electronics and a camera, and using the current stock quotes, total a rounded $93,500. The plaintiff lists personal property at $2000 as her only other asset.
Having reviewed the evidence in light of the applicable statutes and case law, the court renders judgment dissolving the marriage on the ground of irretrievable breakdown. Each party is declared to be unmarried. As part of the judgment the court enters the following orders.
 1. The plaintiff is awarded $1 per year periodic alimony payable by the defendant until the death of either party, the plaintiffs remarriage or her cohabitation, modifiable as to amount.
 2. The plaintiff is awarded 50% of the defendant's ITT pension. The defendant shall cooperate in obtaining approval of any needed QDRO for which the court retains jurisdiction over same.
 3. The plaintiff is awarded 60% of the equity in the house (i.e. $282,000) and the defendant is awarded 40% of the equity in the house. The plaintiff shall become sole owner upon payment to the defendant of $188,000 less an allowance to prosecute of $3000 or a net payment of $185,000 to be made within 90 days hereof. Time shall not be of the essence. If the plaintiff elects not to buy out the defendant or fails to do so after 120 days have elapsed after entry of judgment then the premises shall be listed for sale with the same split applicable upon disposition. Either party may move for articulation of this order.
4. The defendant shall retain assets listed in this affidavit and enumerated above totaling $93,500. The CT Page 14014 court has found same to be jointly owned with the plaintiff's interest in same, valued at $46,750, being awarded to the defendant.
 5. The defendant shall name the plaintiff as sole primary beneficiary of his MONY life insurance policy and maintain such designation for so long as the periodic alimony order remains in effect.
SO ORDERED.
HARRIGAN, J.T.R. CT Page 14015